UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | )  |   |
|---|---|---|
| ALBERT J. SLINEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. 07-1425 (PLF) |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff brought suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to have Defendant Federal Bureau of Prisons ("BOP") produce redacted versions of telephone calls that he made on three dates. Specifically, Plaintiff sought only his part of the conversations not that of the other participants on the calls. The BOP, by and through its undersigned attorneys, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby moves for summary judgment in its favor and dismissal of this suit because the requested records, i.e., tapes of the telephone calls containing only Plaintiff's side of the conversation, have been produced, and thus, this suit is moot.[1]

---

[1] Plaintiff should take notice that any factual assertions contained in the affidavits in support of this motion will be accepted by the Court as true unless Plaintiff submits his own declaration or other documentary evidence contradicting the assertions in the attached affidavits. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992) and Rule 56(e) of the Federal Rules of Civil Procedure which provide as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to

(continued...)

A memorandum of points and authorities in support of this Motion and a proposed Order are filed herewith.

                              Respectfully Submitted,

/s/ Jeffrey A. Taylor /kvm
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
 Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492
Fax: (202) 514-8780

---

[1](...continued)
be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT J. SLINEY, | ) <br> ) <br> ) |
| Plaintiff | ) <br> ) Civil Action No. 07-1425 (PLF) |
| v. | ) <br> ) |
| FEDERAL BUREAU OF PRISONS, | ) <br> ) |
| Defendant. | ) <br> ) <br> ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Freedom of Information Act ("FOIA") provides the district courts with "jurisdiction to enjoin [an] agency from withholding agency records and to order the production of agency records improperly withheld from [a] complainant." 5 U.S.C. § 552(a)(B). The records that Plaintiff seeks under the FOIA have been released. Thus, since the Bureau of Prisons ("BOP") has fully met its obligation under the statute, and there is no material issue in dispute on this point, it respectfully moves for judgment in its favor. See Fed. R. Civ. P. 56.

**BACKGROUND**

On or around August 19, 2003, Plaintiff filed a FOIA request with the BOP seeking tape recordings of telephone calls he made on July 5, 2003 and July 6, 2003. Pl.'s Compl. at 2. By letter dated September 15, 2003, the BOP informed Plaintiff that the telephone calls had been preserved but that Plaintiff was required to submit a Privacy Act[2] waiver from the other party to

---

[2]The Privacy Act states, in pertinent part, that "no agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains," unless falling within the 12 enumerated exceptions of
(continued...)

the conversations before the BOP would process his request.  Id.  On October 6, 2003, Plaintiff filed another FOIA request seeking recordings of calls that he made on May 8, 2003, June 17, 2003 and October 4, 2003.  Id.  Again, the BOP responded that Plaintiff would be required to submit a Privacy Act waiver from the other party to the telephone conversations.  Id.

Plaintiff was unable to provide the requested waivers, and on or around May 25, 2004, sought redacted versions of the recordings of the July 5, 2003, July 6, 2003, and October 4 2003 telephone calls containing only Plaintiff's part of the conversations.  Id.  The BOP informed Plaintiff that the costs and fees to process the request would be sixty dollars ($60).  On or around August 7, 2005, Plaintiff's mother forwarded a money order to the BOP to cover the fees and costs for the redacted versions of Plaintiff's July 5, 2003, July 6, 2003, and October 4 2003 telephone conversations.  Id. at 3 and Ex. 1.  However, instead of making the money order payable to the Treasury of the United States as required by 28 C.F.R. § 1611(a), Plaintiff's money order was made out to the BOP.  Id. and Ex. 2, Declaration of Ron Hill, ¶ 2, Oct. 29, 2007.

---

[2](...continued)
the statute.  5 U.S.C. § 552a(b).  Although one of these exceptions encompasses disclosure of records *when required* by the FOIA (see 5.U.S.C. § 552a(b)(2)), the FOIA - consistent with the Privacy Act - contains provisions recognizing the privacy rights of individuals in information contained in government records about them and accords protections from disclosure of such information.  Specifically, the FOIA protects from disclosure information about individuals contained in government "personnel and medical files and similar files" when disclosure "would constitute a clearly unwarranted invasion of personal property." 5 U.S.C. § 552(b)(6).  This provision covers all information that may be contained in a government record applying to an individual.  See United States Department of State v. Washington Post Co., 456 U.S. 595, 602 (1982); see also Voinche v. Federal Bureau of Investigation, 940 F.Supp. 323, 329 (D.D.C. 1996), aff'd, 1997 WL 411685 (D.C.Cir. Jun 19, 1997), cert. denied, 522 U.S. 950 (1997).

On September 20, 2005, the BOP returned the money order to Plaintiff and advised Plaintiff that the money order had to made payable to the Treasury of the United States but once proper payment was received, the tape with Plaintiff's portion of the telephone calls would be provided. Id. and Letter from Wanda M. Hunt to Albert Sliney, Sept. 20, 2005 (attached to Hill Decl.). The BOP has no record indicating that Plaintiff responded to the September 20, 2005 letter. Id. ¶ 4. Nevertheless, after learning that Plaintiff was still interested in receiving copies of the redacted telephone conversations, the BOP, on or around October 26, 2007, provided a tape containing the conversations without payment. Id. and Letter from Wanda M. Hunt to Albert Sliney, Oct. 26, 2007 (attached to Hill Decl.).

## STANDARD OF REVIEW

Summary judgment is the procedure by which courts resolve nearly all FOIA actions. See, e.g. Misciavige v. IRS, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases should be handled on motions for summary judgment, once the documents in use are properly identified."); Evans v. U.S. Office of Personnel Management, 276 F.Supp.2d 34, 37 (D.D.C. 2003). Rule 56(c) of the Federal Rules of Civil Procedure mandates summary judgment where "there is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56; see also Washington Post Co. v. U.S. Dep't of Health and Human Services, 865 F.2d 320, 325 (D.C. Cir. 1989). As the Supreme Court has declared, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

**ARGUMENT**

The FOIA generally provides that any person has a right, enforceable in court, of access to federal agency records, except to the extent that such records (or portions thereof) are protected from mandatory disclosure by one of nine exemptions. See 5 U.S.C. § 552(b). Once an agency releases materials, however, there is no further need for judicial function under the FOIA statute. Atkins v. Dep't of Justice, No. 90-5095, 1991 WL 185084 (D.C.Cir. Sept.18, 1991) (unpub.)("The question whether DEA complied with the Freedom of Information Act's...time limitations in responding to [plaintiff's] request is moot because DEA has now responded to this motion."); Tijerina v. Walters, 821 F.2d 789, 799 (D.C.Cir.1987), quoting Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982)("'[H]owever fitful or delayed the release of information under the FOIA may be ... if we are convinced appellees have, however belatedly, released all nonexempt material, we have no further judicial function to perform under the FOIA.'"); Landmark Legal Foundation v. E.P.A., 272 F.Supp.2d 59, 62-63 (D.D.C. 2003); Trueblood v. U.S. Dept. of Treasury, I.R.S., 943 F.Supp. 64, 67 (D.D.C. 2003)("Regardless of how long it took the defendant to comply with a plaintiff's FOIA request, the case or controversy evaporates when the documents are released."); Hornbostel v. U.S. Dept. of Interior, No. CIV.A. 02-2523(RCL), 2003 WL 23303294, *4 (D.D.C. Aug. 7, 2003).

In his Complaint, Plaintiff seeks copies of recorded telephone conversations containing only his portion or input. Compl., p. 3. On or around October 26, 2007, the Bureau of Prisons released the requested materials. Accordingly, there is no longer any controversy and this case should be dismissed as moot.

## CONCLUSION

For reasons stated herein, Defendant Bureau of Prisons moves for summary judgment in its favor and dismissal of this suit with prejudice.

Respectfully Submitted,

/s/ Jeffrey A. Taylor /kvm
_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District
 of Columbia, Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492

## **CERTIFICATE OF SERVICE**

I certify that the foregoing *Defendant's Motion for Summary Judgment* was served upon Plaintiff by the Court's Electronic Case Filing System and by first class, postage prepaid mail, to:

Albert J. Sliney
#04965-070
FCI Ray Brook
P.O. Box 9006
Ray Brook, New York 12977

on this 2nd day of November, 2007.

/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALBERT J. SLINEY, )
)
Plaintiff )
) Civil Action No. 07-1425 (PLF)
v. )
)
FEDERAL BUREAU OF PRISONS, )
)
Defendant. )

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Pursuant to Local Rule 7(h), Defendant hereby submits the following statement of material facts as to which there is no genuine dispute.

1. On or around August 19, 2003, Plaintiff filed a FOIA request with the BOP seeking tape recordings of telephone calls made on July 5, 2003 and July 6, 2003. Pl.'s Compl. at 2. By letter dated September 15, 2003, the BOP informed Plaintiff that the telephone calls had been preserved but that Plaintiff was required to submit a Privacy Act waiver from the other party to the conversations before the BOP would process his request. Id.

2. On October 6, 2003, Plaintiff filed another FOIA request seeking recordings of calls that he made on May 8, 2003, June 17, 2003 and October 4, 2003. Id. Again, the BOP responded that Plaintiff would be required to submit a Privacy Act waiver from the other party to the telephone conversations before the FOIA request could be processed. Id.

3. Plaintiff was unable to provide the requested waivers, and on or around May 25, 2004, sought redacted versions of the recordings of the July 5, 2003, July 6, 2003, and October 4 2003 telephone conversations containing only Plaintiff's part of the conversations. Id. The BOP

informed Plaintiff that the costs and fees to process the request would be sixty dollars ($60). On or around August 7, 2005, Plaintiff's mother forwarded a money order for payment of the fees and costs for the redacted versions of Plaintiff's July 5, 2003, July 6, 2003, and October 4 2003 telephone conversations. Id. at 3 and Ex. 1.

4.  Instead of making the money order payable to the Treasury of the United States as required by 28 C.F.R. § 1611(a), Plaintiff's money order was made out to the BOP. Id. and Ex. 2, Declaration of Ron Hill, ¶ 2, Oct. 29, 2007.

5.  On September 20, 2005, the BOP returned the money order to Plaintiff and advised Plaintiff that the money order had to made payable to the Treasury of the United States but once proper payment was received, the tape with Plaintiff's portion of the telephone calls would be provided. Id. and Letter from Wanda M. Hunt to Albert Sliney, Sept. 20, 2005 (attached to Hill Decl.). The BOP has no record indicating that Plaintiff responded to the September 20, 2005 letter. Id. ¶ 4.

6.  After learning that Plaintiff was still interested in a recording of the telephone conversations (albeit with just Plaintiff's portion), the BOP, on or around October 26, 2007, provided a tape of the conversations without payment. Id. and Letter from Wanda M. Hunt to Albert Sliney, Oct. 26, 2007 (attached to Hill Decl.).

        Respectfully Submitted,

        /s/ Jeffrey A. Taylor /kvm
        _____
        JEFFREY A. TAYLOR, D.C. BAR #498610
        United States Attorney

/s/ Rudolph Contreras
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


/s/ Beverly M. Russell
_____
BEVERLY M. RUSSELL, D.C. Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
 Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492
Fax: (202) 514-8780

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT J. SLINEY )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS )<br>)<br>Defendant. )<br>) | Civil Action No. 07-1425 (PLF) |

### DECLARATION OF RON HILL

I, Ron Hill, do hereby declare and state the following:

1. I am the Administrator for the Federal Bureau of Prisons (BOP), Freedom of Information Act/Privacy Act (FOIA/PA) Section, in the BOP's Central Office. In this position, I have access to the records of FOIA requests made to the BOP. I base this declaration on my review of those records as they relate to a FOIA request from Plaintiff, Albert Sliney, Reg. No. 04965-070, wherein he sought copies of his portion of conversations for three monitored telephone calls he made to other individuals on July 5, 2003, July 6, 2003, and October 4, 2003. I have read the complaint and understand Plaintiff alleges that although he paid the $60.00 required to process his request, he has yet to receive any records.

2. The FOIA records indicate Plaintiff, in a letter dated August 11, 2005, submitted payment in the amount of $60.00 in the form of a money order, for the processing of his FOIA request for the telephone tapes. Attached hereto is a true and correct copy of Plaintiff's

August 11, 2005 payment letter. However, instead of making the money order payable to the Treasury of the United States as required by 28 C.F.R. §16.11(a), Plaintiff's money order was made out to the Federal Bureau of Prisons. Attached hereto is a true and correct copy of Plaintiff's money order.

3. On September 20, 2005, the BOP returned the money order to Plaintiff. Plaintiff was advised the money order had to be made payable to the Treasury of the United States and that once the proper payment was received, the tape with his portion of the telephone calls would be sent to him. Attached hereto is a true and correct copy of the September 20, 2005 letter to Plaintiff.

4. There are no records indicating Plaintiff ever responded to the September 20, 2005 letter. Nevertheless, after learning that Plaintiff is still interested in the tapes, the BOP decided to provide the tape without payment. On October 26, 2007, the tape containing the calls was mailed to Plaintiff. Attached hereto is a true and correct copy of the October 26, 2007 response letter advising Plaintiff of the BOP's decision to release the tape without payment.

Pursuant to Title 28 U.S.C. Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed this day, October 29, 2007

Ron Hill
FOIA/PA Administrator
Federal Bureau of Prisons

Albert J. Sliney, R#04965-070
FCI Ray Brook, PO Box 9006
Ray Brook, New York 12977

Freedom of Information Office
Federal Bureau of Prisons
320 First Street, N.W
Washington, D.C. 20534



August 11, 2005

Re: FOIA Request No. 2003-7723 and 2004-0575

Dear Sir/Madam:

Please find enclosed U.S Postal Money Order for the sum of $60.00, as is required thereof and agreed upon by the named individual herein for the processing of the Information Requested.

Thank you kindly for your time and assistance in this matter. I look forward to hearing from you.

CC: Inmate file
    U.S Dist. Court Clerk
    Federal Bureau of Prisons

Respectfully Presented,

Albert Sliney
Albert J. Sliney, Pro Se

AUG 3 1





**U.S. Department of Justice**

Federal Bureau of Prisons

September 20, 2005

Washington, DC 20534

Albert Sliney
Reg. No. 04965-070
FCI Ray Brook
P.O. Box 900
Ray Brook, NY 12977

Federal Bureau of Prisons
Attn: FOIA/Privacy Act Office
320 First Street, N.W.
Room 834, HOLC Building
Washington, D.C. 20534

RE: Payment for FOIA Request No. 2002-7723 and 2004-0575

Dear Mr. Sliney:

We are in receipt of your money order in the amount of $60.00 made payable to the Federal Bureau of Prisons to pay for the processing of above referenced FOIA requests.

Unfortunately, the Bureau of Prisons cannot accept payments directly for the processing of FOIA requests. As instructed in our last letter to you, the check or money order must be made out to the Treasury of the United States. Consequently, we are returning this money order to you so that you can make a correct payment. Once this payment is received, we can send out the redacted telephone calls.

Sincerely,

Wanda M. Hunt
Chief, FOIA/PA Section

cc: File



U.S. Department of Justice

Federal Bureau of Prisons

October 26, 2007

Albert Sliney
Reg. No. 04965-070
FCI Ray Brook
P.O. Box 900
Ray Brook, NY 12977

Washington, DC 20534

Federal Bureau of Prisons
Attn: FOIA/Privacy Act Office
320 First Street, N.W.
Room 834, HOLC Building
Washington, D.C. 20534

RE: FOIA Requests No. 2002-7723 and 2004-0575

Dear Mr. Sliney:

    This is in further response to your requests for three (3) monitored telephone calls you placed to other individuals on July 5, 2003, July 6, 2003, and October 4, 2003.

    On September 20, 2005, this office sent you a letter indicating your money order for the above calls had been received and that the money order was made payable to the Federal Bureau of Prisons instead of the Treasury of the United States as required by 28 C.F.R. §16.11(a). The money order was returned to you so you could make a proper payment. There are no records you ever submitted a proper payment or responded in any way.

    At this point, the Bureau of Prisons is willing to waive the applicable fee. The redacted tapes responsive to your request are enclosed. Bear in mind that the release of these tapes to you while you are in a prison setting does not entitle you to keep possession of these tapes in your cell or gain access to a tape player in order to facilitate you listening to these tapes. That is an issue that is solely up to the discretion of local prison staff, who must consider staff resources and security matters.

    We trust this will be responsive to your request.

Sincerely,

Wanda M. Hunt
Chief, FOIA/PA Section

cc: File

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALBERT J. SLINEY, | ) <br> ) <br> ) |
| Plaintiff | ) <br> ) Civil Action No. 07-1425 (PLF) |
| v. | ) <br> ) |
| FEDERAL BUREAU OF PRISONS, | ) <br> ) |
| Defendant. | ) <br> ) |

ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment. Upon consideration of the Motion, any opposition thereto, and any replies, and the entire record herein, it is this _____ day of _____, 2007,

ORDERED, that Defendant's Motion for Summary Judgment is hereby GRANTED; and it is further

ORDERED, that this case is dismissed with prejudice.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Copies to:
Albert J. Sliney
#04965-070
FCI Ray Brook
P.O. Box 9006
Ray Brook, New York 12977

Beverly M. Russell
U.S. Attorney's Office for the District of Columbia,
Civil Division
555 Fourth Street, N.W., Suite E-4915
Washington, D.C. 20530