UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ALBERT J. SLINEY,           )
                            )
    Plaintiff,              )
                            )
                            )
vs.                         )    Civil Action No.07-1425(PLF)
                            )
                            )
FEDERAL BUREAU OF PRISONS,  )
                            )
    Defendant.              )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ACCOMPANYING AFFIDAVIT IN SUPPORT

I, ALBERT J. SLINEY (hereinafter 'Plaintiff') the Plaintiff in the above captioned matter, does so hereby provide response to Defendant's Motion For Summary Judgment, Pursuant to the Federal Rules of Civil Procedure, Rule 56(e), and states that in consideration of the following facts and matters Defendant's motion for Summary Judgment must be denied.

With all due respect, Defendant Federal Bureau of Prisons (FBOP) are now seeking to create by their own manipulation of the truth and facts - the circumstances upon which Defendants contend require granting summary judgment in their favor. However, the truth and facts are not as Defendant's have presented them.

**RECEIVED**

JAN - 8 2008

1 of 8

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

A.      Defendant's Federal Bureau of Prisons (FBOP) first contends that the three (3) taped recorded telephone conversations in which were requested through the Freedom of Information Act (FOIA) by the Plaintiff and with only Plaintiff's portion of those calls, had been forwarded to Plaintiff. This is hardly the case here, infact Plaintiff did so receive one (1) cassette tape with three (3) separate conversations on it which are of the calls requested. However, Plaintiff found that after listening to the three (3) telephone calls on December 7, 2007, and complete review of the notes made the day of those conversations. Plaintiff states that most of his conversation had been excluded as well, only to the repeating of what was said by the opposite parties, more specifically calls made on July 6, 2003, to telephone number (401)944-4419, and October 4, 2003, to telephone number (401)946-6013, violating this courts ORDER as well as the Freedom of Information Act request.

   Therefore, Plaintiff is requesting that because of the un-trustworthyness and absolute failure to provide Plaintiff with his complete portion of his conversation as was ordered, Plaintiff is now requesting that the original tape be either provided to him without the names of those particular parties, or continue to preserve the information for further review and for possible District court litigation and sopeana.

B.   Defendant's Federal Bureau of Prisons (FBOP) secondly contends that a sixty dollar money order was forwarded to Plaintiff because of an error in not sending a $60.00 dollar money order to the Treasury of the United States as required by 28 C.F.R § 16.1(a), but instead Plaintiff's Mother made it payible to the federal Bueaau of Prisons.  However, Plaintiff was never provided a letter as stated in Federal Bureau of Prisons October 26, 2007, correspondence. See (Exhibit 'A') nor has Plaintiff ever been provided the $60.00 dollars as was stated by Defendant's (FBOP).

Furthermore, Plaintiff confronted his unit team manager as to the $60.00 dollar money order being put or sent to Plaintiff's Inmate account, at the same time Plaintiff's unit team manager stated that if a $60.00 dollar money order was ever sent, they would definitely need Plaintiff's signature and Plaintiff would have been made aware of such information or transactions in that regard.

Plaintiff submits that not only was Plaintiff informed through his unit team manager of the information mentioned but followed it up by the person in-charge of the Inmate Telephone System (ITS) by requesting a read out of Plaintiff's Inmate Account Ledger within the two years and was confirmed that no such transaction was ever made by Defendant's Federal Bureau of Prisons.

C. Finally, in addressing Plaintiff's eligibility and entitlement to compensation for expenses and damages incurred during the litigation of this civil action, the principles of equity do so require Plaintiff's compensation. It has solely been due to the willful and arbitrary conduct of Defendants that Plaintiff was forced to pursue a civil action in this situation, and it can not be denied that Plaintiff has had to bear significant personal expenses and hardships in litigating this civil action. Defendants could have resolved this situation long before civil litigation was necessary, as that Defendants were well aware of Plaintiff's entitlement to the information Plaintiff requested and Defendant's lawful obligation to provide that requested information. Thus, Defendants can not now contend that Plaintiff is not entitled to be compensated for the expenses and damages in litigating this unnecessary civil action.

D. Plaintiff contends that the cost of filing fees associated with this civil action is $350.00, and should be payed by the Federal Bureau of Prisons.

All via-certification transactions by Plaintiff, only to the court, is $57.46. Three (3) typing ribens $50.35, each tape is $13.45. And three (3) copy cards for $5.85 each, which comes to $17.55. And the $60.00 dollars which was never forwarded to Plaintiff by Federal Bureau of Prisions, in total this sum comes to $535.36, in damages.

WHEREFORE, based upon the foregoing, Defendant's Motion for Summary Judgment must be denied, and Plaintiff's response in its intial must be GRANTED, and that Plaintiff must be awarded the expenses and damages incurred in litigating the above captioned civil action.

So done this 2 day of January 2008.

Respectfully Presented,

*Albert Sly*

ALBERT J. SLINEY, PRO-SE
FBOP No.04965-070

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ALBERT J. SLINEY,                )
                                 )
         Plaintiff/Affiant,      )
                                 )
                                 )   Civil Action No.07-1425(PLF)
                                 )
     vs.                         )
                                 )
FEDERAL BUREAU OF PRISONS,       )
                                 )
         Defendants.             )

<u>AFFIDAVIT IN SUPPORT OF PLAINTIFF'S RESPONSE</u>
<u>TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

STATE OF NEW YORK   )
                    )   Affidavit of Albert J. Sliney
COUNTY OF ESSEX     )

   I, ALBERT J. SLINEY (hereinafter 'affiant') the Plaintiff in the above captioned matter, Pursuant to Federal Rules of Civil Procedure, Rule 56(e), whom being duly sworn does so depose and aver the following:

   1.   Affiant is above 21 years of age, and is of competent mind.

   2.   Affiant on December 7, 2007, did so review the three separate conversations and was not Plaintiff's complete conversation to his portion of that request, and contends that every thing Plaintiff repeated from what was said from the opposite party was

also deleted and therefore violated this courts ORDER as well as violating the stipulations set forth in the Freedom of Information Act request.

3.   Plaintiff states that the $60.00 dollars was not forwarded as was mentioned in the Defendants (FBOP) October 26, 2007, as made part of the information herein as Exhibit 'A', which was clearified by Plaintiff's unit team manager located in his respecful housing unit and through (ITS) Inmate Telephone System, Inmate Account Ledger verifying this fact.

4.   Plaintiff submits that the damages caused by Defendants Federal Bureau of Prisons are as Plaintiff states in Plaintiff's response and that the cost for such damages are true and correct and not misleading, and that such cost in its entirely comes to a complete sum of $535.36, in damages.

FURTHER AFFIANT SAITH NAUGHT.

So done this __2__ day of __January__ 2008.

Respectfully Presented,

_Albert S____

STATE OF NEW YORK   )
                    )  ss.
COUNTY OF ESSEX     )

SWORN AND SUBSCRIBED TO BEFORE ME

at_____this __2__ day of __January__, 2008.

WITNESS My Hand And Seal. Notary Public_____

"Authorized by the Act of July 7, 1955 to Administer Oaths (18U.S.C. 4004)

_____
Case Manager
F.C.I. Ray Brook, N.Y."

## CERTIFICATE OF SERVICE

I, ALBERT J. SLINEY, the Plaintiff/Affiant in the foregoing Response to Federal Defendant's Motion For Summary Judgment and Affidavit in support thereof and the undersigned herein, do so hereby affirm that a true and correct copy of the foregoing has been forwarded to:

>   Beverly M. Russell
>   Assistant United States Attorney
>   Civil Division
>   555 4th Street, N.W., Rm. E-4915
>   Washington, D.C. 20530

UNDER PAIN AND PENALTY OF PERJURY, PURSUANT TO §1746(1).

So done this 2 day of January 2008

Respectfully Presented,

*[signature]*
ALBERT J. SLINEY PRO-SE

Exhibit 'A'

October 26, 2007
Defendants Federal Bureau of Prisons
Correspondence

**U.S. Department of Justice**

Federal Bureau of Prisons

---

Washington, DC 20534

October 26, 2007

Albert Sliney
Reg. No. 04965-070
FCI Ray Brook
P.O. Box 900
Ray Brook, NY 12977

Federal Bureau of Prisons
Attn: FOIA/Privacy Act Office
320 First Street. N.W.
Room 834, HOLC Building
Washington, D.C. 20534

RE:  FOIA Requests No. 2002-7723 and 2004-0575

Dear Mr. Sliney:

   This is in further response to your requests for three (3) monitored telephone calls you placed to other individuals on July 5, 2003, July 6, 2003, and October 4, 2003.

   On September 20, 2005, this office sent you a letter indicating your money order for the above calls had been received and that the money order was made payable to the Federal Bureau of Prisons instead of the Treasury of the United States as required by 28 C.F.R. §16.11(a).  The money order was returned to you so you could make a proper payment.  There are no records you ever submitted a proper payment or responded in any way.

   At this point, the Bureau of Prisons is willing to waive the applicable fee.  The redacted tapes responsive to your request are enclosed.  Bear in mind that the release of these tapes to you while you are in a prison setting does not entitle you to keep possession of these tapes in your cell or gain access to a tape player in order to facilitate you listening to these tapes.  That is an issue that is solely up to the discretion of local prison staff, who must consider staff resources and security matters.

   We trust this will be responsive to your request.

Sincerely,

Wanda M. Hunt
Chief, FOIA/PA Section

cc: File

Exibit 'A'