UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT J. SLINEY, | ) |
| | ) |
| Plaintiff | ) |
| | ) Civil Action No. 07-1425 (PLF) |
| v. | ) |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff brought this suit pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to have Defendant Federal Bureau of Prisons produce redacted versions of three telephone conversations in which he participated. Specifically, Plaintiff sought only his portion of the conversations not that of the other participants on the calls. Compl., p. 2. The Bureau of Prisons informed Plaintiff of the cost to process the FOIA request, and Plaintiff's mother subsequently sent a money order for $60 to cover the cost but incorrectly noted the payee as the Federal Bureau of Prisons instead of the U.S. Treasury. Def.'s Mot. Summ. J., Ex. 2, Declaration of Ron Hill, ¶ 2, Oct. 29, 2007. By letter dated September 20, 2005, the Bureau of Prisons returned the money order to Plaintiff, and informed him that his request would be processed once proper payment was made. Def.'s Mot. Summ.J., Ex. 2, Hill Decl., Letter from Wanda M. Hunt to Albert Sliney, Sept. 20, 2005. The Bureau of Prisons did not receive a response to the September 20, 2005 letter. However, upon learning of Plaintiff's continued interest in obtaining copies of the redacted telephone calls, on or around October 26, 2007, the Bureau of Prisons provided a tape to Plaintiff containing the conversations without receipt of payment. Def.'s Mot. Summ. J.,

Ex. 2, Hill Decl. ¶ 4.  Given this production, Defendant moved for summary judgment in this suit because Plaintiff's claim is now moot.

  Plaintiff, in his response to Defendant's Motion for Summary Judgment, evidently received the tape but avers that most of his portions of the conversations were deleted from the recording.  Pl.'s Response to Def.'s Mot. Summ. J., p. 2.  He also avers that he never received the September 20, 2005 correspondence pursuant to which the money order was returned.  As to the former allegation, Defendant notes that the FOIA requires only that reasonably segregable portions of a record be released after redaction of exempt information.  5 U.S.C. § 552(b).

  Pertinent here, Ron Hill, the FOIA/Privacy Act Administrator for the Bureau of Prisons, provided details regarding the production of the taped conversations.  Mr. Hill notes that the review and segregation of the telephone tapes for calls from the old reel-to-reel monitoring system is a timely and tedious process.  Def.'s Ex. 3, Declaration of Ron Hill, ¶ 2 (Jan. 28, 2008)(attached hereto).  After a taped cassette copy of the entire telephone conversation is received from the prison where the call was made, the process requires that each speaker's voice be identified and then noted by writing down the stop and start points when each person is talking using a numerical counter.  Id.  Using these stop and start points, the releasable portions are then recorded separately onto a new cassette tape.  Id.  While the process is not entirely precise, the starting and stopping points are within a fraction of a second of when the person, whose voice is being released.  Id.  This means parts of a word may be cut off at the end of a statement by that person or may be missing at the beginning of a statement by that person.  Id.  Upon listening to a copy of the tape released to Plaintiff, Mr. Hill determined that, except for a few words where both parties were speaking at the same time, there were no entire portions of

Plaintiff's conversation left out or redacted as he claims.  Id.  Accordingly, consistent with the FOIA, the Bureau of Prisons released to Plaintiff all reasonably, segregable portions of the conversations.  See, e.g. Thomas v. U.S. Dept. Of Justice, No. Civ. A. 1:04-CV-112, 2006 WL 722141, *3 (E.D. Tex. March 15, 2006)(In a FOIA case filed by a prisoner against the Federal Bureau of Prisons, the Court held that no reasonably, segregable portion of a taped conversation could be released given technology limitations and overlapping conversations.)  Plaintiff, however, has filed an affidavit contending the contrary.  Accordingly, given the circumstances, Defendant is willing to produce the redacted and unredacted versions of the conversations for in camera review by the Court if so requested.

     As to the money order, Defendant contends that it did return the money order to Plaintiff.  Ex. 3, Hill Decl. ¶ 3.  However, because the money order was sent via regular mail, there is no way to track or verify Plaintiff's receipt thereof.  Id.  Regardless, Defendant processed Plaintiff's FOIA request and thus to the extent that Plaintiff's response is construed as seeking payment of $60 to cover the cost of the money order, such a claim is not properly brought pursuant to the FOIA.  The FOIA waives the United States' sovereign immunity, not for alleged torts, but for the purpose of providing district courts with jurisdiction to review claims related to the improper withholding of agency records.  5 U.S.C. § 552(a)(B).  Further, Plaintiff's claims for other costs are without merit.  Section 552(a)(4)(E) of the FOIA, 5 U.S.C. § 552(a)(4)(E), provides that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section *in which the complainant has substantially prevailed*."  Id. (emphasis added) Plaintiff has not substantially prevailed, and thus, his claims for costs are premature.

In summary, Defendant avers that it produced a tape to Plaintiff containing reasonably, segregable portions of the three conversations which are the subject of this suit.  Defendant thus moves to dismiss this suit as moot.  Of course, Defendant is certainly willing to produce copies of the unredacted and redacted portions of the conversations if the Court so requests.  As to Plaintiff's claims for costs, consistent with the FOIA, those claims are without merit and should be denied.

Date: February 1, 2008

        Respectfully Submitted,

        /s/ Jeffrey A. Taylor /kvm
        _____
        JEFFREY A. TAYLOR, D.C. BAR #498610
        United States Attorney

        /s/ Rudolph Contreras
        _____
        RUDOLPH CONTRERAS, D.C. BAR #434122
        Assistant United States Attorney

        /s/ Beverly M. Russell
        _____
        BEVERLY M. RUSSELL, D.C. Bar #454257
        Assistant United States Attorney
        U.S. Attorney's Office for the District
         of Columbia, Civil Division
        555 4th Street, N.W., Rm. E-4915
        Washington, D.C. 20530
        Ph:  (202) 307-0492
        E-Mail: beverly.russell@usdoj.gov

**CERTIFICATE OF SERVICE**

      I certify that the foregoing *Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment* was served upon Plaintiff by the Court's Electronic Case Filing System and by first class, postage prepaid mail, to:

Albert J. Sliney
#04965-070
FCI Ray Brook
P.O. Box 9006
Ray Brook, New York 12977

on this 1st day of February, 2008.

                                                  /s/ Beverly M. Russell
                                                  _____
                                                  BEVERLY M. RUSSELL
                                                  Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ALBERT J. SLINEY )
)
)
Plaintiff, )
) Civil Action No. 07-1425 (PLF)
v. )
)
FEDERAL BUREAU OF PRISONS )
)
Defendant. )
)

## DECLARATION OF RON HILL

I, Ron Hill, do hereby declare and state the following:

1.  I am the Administrator for the Federal Bureau of Prisons (BOP), Freedom of Information Act/Privacy Act (FOIA/PA) Section, in the BOP's Central Office. In this position, I have access to the records of FOIA requests made to the BOP. I base this declaration on my review of those records as they relate to a FOIA request from Plaintiff, Albert Sliney, Reg. No. 04965-070, wherein he sought copies of his portion of conversations for three monitored telephone calls he made to other individuals on July 5, 2003, July 6, 2003, and October 4, 2003. I have read Plaintiff's Response To Defendant's Motion For Summary Judgment wherein he indicates he received the redacted cassette tape of the three calls he requested. He alleges most of his portions of conversations from the three telephone calls were not released as the Defendant contends. Plaintiff also questions the whereabouts of a money order that was submitted to pay for the processing of his FOIA request.

2. The review and segregation of the telephone tapes for calls made from the old reel-to-reel telephone monitoring system is a timely and tedious process. After a taped cassette copy of the entire telephone conversation is received from the prison where the call was made, the process requires that each speaker's voice be identified and then noted by writing down the stop and start points when each person is talking using a numerical counter. Using these stop and start points, the releasable portions are then recorded separately onto a new cassette tape. While the process is not entirely precise, the starting and stopping points are within a fraction of a second of when the person, whose voice we are releasing, speaks. This means parts of a word may be cut off at the end of a statement by that person or may be missing at the beginning of a statement by that person. I have listened to a copy of the tape released to Plaintiff. Except for a few words where both parties were speaking at the same time, there were no entire portions of Plaintiff's conversation left out or redacted as he claims.

3. When the BOP returned the money order to Plaintiff on September 20, 2005, it was mailed directly to Plaintiff via regular mail. Thus, there is no way to track or verify Plaintiff's receipt of the money order. It is the BOP's contention that he did receive it and it is Plaintiff's contention he did not. Instead of making this argument to the Court, and requiring the Plaintiff send in a money order made payable to the correct entity, the BOP decided to waive the cost and processed Plaintiff's request for the redacted telephone tapes.

Pursuant to Title 28 U.S.C. Section 1746, I certify under penalty of perjury that the foregoing is true and correct.   Executed this day, January 28, 2008

_____
Ron Hill
FOIA/PA Administrator
Federal Bureau of Prisons