UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LET THIS BE FILED

PLF
4/11/08

ALBERT J. SLINEY,           )
                            )
        Plaintiff,          )
                            )
    v.                      )  Civil Action No. 07-1425(PLF)
                            )
FEDERAL BUREAU OF PRISONS,  )
                            )
        Defendant.          )

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S RESPONSE TO DEFENDANT'S ORIGINAL MOTION FOR SUMMARY JUDGMENT

COMES NOW, I, Albert J. Sliney (hereinafter 'Plaintiff') the plaintiff in the above caption matter, once again does so hereby provide response to <u>Defendant's Response to Plaintiff's Previous Response to Defendants Original Motion For Summary Judgment</u>, Pursuant to the Federal Rules of Civil Procedure, Rule 56(e), and states that in consideration of the following facts and matters Defendant's Reply to Plaintiff's Response must be denied.

Plaintiff respectfully contends that defendant Federal Bureau of Prisons has no evidence nor any proof that the $ 60 dollar money order forwarded by Plaintiff's mother payable to Federal Bueau of Prisons, FBOP [was ever sent] which was beleived to be the proper agency for such payment, only because Plaintiff was not informed of the appropriate avenue prior to the forwarding of said payment. However, the defendant (FBOP) states that the

**RECEIVED**

FEB 2 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

money order was forwarded to Plaintiff by via-regular mail; there is no way to track or verify Plaintiff's receipt thereof, further stated by defendant; When the BOP returned the money order to Plaintiff on September 20, 2005, it was mailed directly to Plaintiff. Declaration of Ron Hill, page 2, paragraph 3, insinuating that Plaintiff received the $ 60 dollar money order but did Not turn it [money order] in, to be put in inmate account for what ever reason(s), when the front office would have intercepted it any how, Plaintiff would like to further point out that the Defendant Federal Bureau of Prisons has not forwarded any such $ 60 dollar money order and if so Plaintiff would have been notified by Unit Team for endorsement purposes etc, and was never put in Plaintiff's inmate account, therefore Defendant (FBOP) is liable through its carelessness of the forwarding of the $ 60 dollar money order.

    Plaintiff contends that because of notes made the day of ech telephone call conversation, and what Defendant Federal Bureau of Prisons (FBOP) has forwarded to Plaintiff, regarding (FOIA) request for telephone conversations, and Plaintiff's preparing of affidavit in support of that information in its entirety, Plaintiff wishes not to waste any of this courts time or resources on that issue regarding an in camera review.

    Furthermore, defendant Federal Bureau of Prisons (FBOP) has not been fully cooperative from the very begining anyhow and that is why the court ordered the defendant (FBOP) to turn over Plaintiff's portion of the telephone calls requested, this matter could have been resolved long - ago if defendant FBOP complied with Plaintiff's

request pursuant to FOIA/PA through correspondence, but this court had to order the BOP to Plaintiff the information requested in 2005, it was not until 2007, that Plaintiff filed a motion with this court to Petition for Writ of Mandamus only after defendant FBOP's refusal to comply with this courts previous order. Therefore, if is the defendant at fault in this matter and Plaintiff should be awarded complete compensation for the cost associative with this matter. Plaintiff should be compensated for the amount of damages caused by defendant FBOP by precluding Plaintiff from obtaining what was/is rightfully Plaintiff's from the begining of FOIA request and therefore it is the defendants fault that this case went to the attention of this court for further District Court litigation. Plaintiff contends that that the cost of filing fees associated with this civil action is $350.00, and should be payed by the Defendant Federal Bureau of Prisons. All via-certification transactions by Plaintiff, copy cards, typing ribbons and the $60.00 dollars which was never forwarded to Plaintiff by FBOP along with this filing fo certified mailing comes to $ 541.06, in damages.

WHEREFORE, based upon the foregoing, Defendant's Motion for Summary Judgment must be denied, and Plaintiff's response in its intial must be GRANTED, and that Plaintiff must be awarded the expenses and damages incurred in litigating the above captioned civil action.

SWORN TO UNDER THE PENALTY OF PURJURY PURSUANT TO §1746(1).

So done this 21 day of February 2008

Respectfully Presented,

_____

-3-

## CERTIFICATE OF SERVICE

I, ALBERT J. SLINEY, the Plaintiff in the foregoing Reply to Defendant's Response to Plaintiff's Response to defendant's Original Motion For Summary Judgment and the undersigned herein, does so hereby affirm that a true and correct copy of the foregoing has been forwarded via-first class postage to:

BEVERLY M. RUSSELL
Assistant United States Attorney
Civil Division
555 4th Street, N.W., Rm E-4915
Washington, D.C. 20530

SWORN TO UNDER PAIN AND PENALTY OF PERJURY PURSUANT TO § 1746(i).

So done this 21 day of February 2008

Respectfully Presented,

ALBERT J. SLINEY, PRO-SE