UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT J. SLINEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF PRISONS, )<br>)<br>Defendant. )<br>) | Civil Action No. 07-1425 (PLF) |

MEMORANDUM OPINION

This matter is before the Court on defendant's motion for summary judgment. The motion will be denied without prejudice.

I.   BACKGROUND

Plaintiff alleges that, on August 19, 2003, he submitted a request to the Federal Bureau of Prisons ("BOP") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Compl. at 2. He "sought tape recordings of telephone calls made to (401) 944-4419 on July 5, 2003 and July 6, 2003." *Id.* The BOP notified plaintiff that "the recordings of the telephone calls . . . had been perserved [sic], but that [he] was required to submit a waiver under the Privacy Act from the other party to the telephone conversations." *Id.* The BOP would not process the request before receiving the privacy waiver. *See id.*

In a separate FOIA request to the BOP, plaintiff "requested copies of telephone calls [he] made to the telephone numbers (401) 438-6157 on May 8, 2003 and June 17, 2003, and on October 4, 2003 to (401) 946-6013." Compl. at 2.  Again, the BOP notified plaintiff that it would not process the request "until [it] received a Privacy Act waiver from the other party to the telephone conversation." Id.  Without the waiver, "the BOP could only produce the words [plaintiff] spoke during the conversations." Id.

Because plaintiff was unable to provide the requested waiver, he "requested that the BOP provide . . . his portion of the July 5, 2003, July 6, 2003, and October 4, 2003 telephone conversations." Compl. at 3.  The BOP assessed a fee of $60.00 for the redacted tapes. Id.  Plaintiff's mother "did forward, in the form of a money order, sixty dollars ($60.00) to the BOP . . . for payment of the costs and fees for [plaintiff] to be provided the redacted copies of [the] July 5, 2003, July 6, 2003, and October 4, 2003 telephone conversations." Id.  Because she made the money order payable to the Federal Bureau of Prisons instead of the correct payee, the Treasury of the United States, the BOP returned the money order to plaintiff.  Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment ("Def.'s Mot."), Declaration of Ron Hill ("Hill Decl.") ¶¶ 2-3 & Attach (September 20, 2005 letter from W.M. Hunt, Chief, FOIA/PA Section, BOP, and copy of money order).  Upon receipt of the correct payment, the BOP would send plaintiff the tape. See id., Attach.  According to plaintiff, two years passed without a response from the BOP.  Compl. at 3.

The BOP had "no records indicating Plaintiff ever responded to the September 20, 2005 letter." Hill Decl. ¶ 4.  "[A]fter learning that Plaintiff is still interested in the tapes,"

however, and notwithstanding his apparent failure to pay the $60.00 fee, "the tape containing the calls was mailed to Plaintiff." *Id.* ¶ 4 & Attach. (October 26, 2007 letter from W.M. Hunt).

## II.  DISCUSSION

Defendant moves for summary judgment and dismissal of this action as moot. Defendant's Motion for Summary Judgment at 1.  Its position is that "the requested records, i.e., tapes of the telephone calls containing only Plaintiff's side of the conversation, have been produced, and thus, this suit is moot." *Id.*

Plaintiff acknowledges receipt of "one (1) cassette tape with three (3) separate conversations on it which are of the calls requested."  Plaintiff's Response to Defendant's Motion for Summary Judgment ("Pl.'s Opp'n") at 2.  After listening to the recording and after his "review of the notes made the day of those conversations," however, plaintiff contends "that most of his conversation has been excluded as well."  *Id.*  He asserts that the recordings do not reflect "Plaintiff's complete conversation to his portion of that request" because the tape omits "every thing Plaintiff repeated from what was said from the opposite party."  Affidavit in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment ¶ 2.  Plaintiff now requests "that the original tape be [] provided to him without the names of those particular parties."  Pl.'s Opp'n at 2.

The BOP responds with a declaration from Ron Hill, the Administrator for the Federal Bureau of Prisons' Freedom of Information Act/Privacy Act Section, at the BOP's Central Office.  *See* Defendant's Reply to Plaintiff's Response to Defendant's Motion for

Summary Judgment, Declaration of Ron Hill ("2d Hill Decl.") ¶ 1.  Mr. Hill explains the process for preparing a redacted recording of a telephone conversation:

> The review and segregation of the telephone tapes for calls made from the old reel-to-reel telephone monitoring system is a timely and tedious process.  After a taped cassette copy of the entire conversation is received from the prison where the call was made, the process requires that each speaker's voice be identified and then noted by writing down the stop and start points when each person is talking using a numerical counter.  Using these start and stop points, the releasable portions are then recorded separately onto a new cassette tape.  While the process is not entirely precise, the starting and stopping points are within a fraction of a second of when the person, whose voice we are releasing, speaks.  This means that parts of a word may be cut off at the end of a statement by that person or may be missing at the beginning of a statement by that person.

*Id*. ¶ 2.  Mr. Hill "listened to a copy of the tape released to Plaintiff," *id.*, that is, a tape of the redacted telephone conversations.  *See* Hill Decl. ¶ 4 & Attach. (October 27, 2007 letter).  He determined that, "[e]xcept for a few words where both parties were speaking at the same time, there were no entire portions of Plaintiff's conversation left out or redacted."  2d Hill Decl. ¶ 2.

Mr. Hill does not state that he prepared the redacted tape for release to plaintiff or that he had listened to a tape of the entire telephone conversations.  *See* 2d Hill Decl. ¶ 2.  It is unclear how he could have listened to a tape of the redacted telephone conversations alone and from this have concluded that "no entire portions of Plaintiff's conversation were left out or redacted."  *Id.* ¶ 3.

Based on the current record, the Court cannot conclude that defendant has fulfilled its obligations under the FOIA or that summary judgment in its favor is warranted.  Accordingly, the Court will deny defendant's motion without prejudice.  Defendant may file a renewed motion for summary judgment based on additional undisputed facts – for example, after listening to the

unredacted recording of the three conversations and comparing it to the redacted version – or by providing additional legal arguments.

      An Order consistent with this Memorandum Opinion is issued separately.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: September 10, 2008